IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

ANDRE G. SIMMONS,

            Defendant.

ORDER

09-cr-122-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Defendant Andre G. Simmons has written to the court, objecting to the magistrate judge's decision to deny him the services of a law clerk to help in his pro se representation. Although defendant does not label his letter as a motion for reconsideration of the magistrate judge's decision brought pursuant to 28 U.S.C. § 636, I will treat it as one.

    To prevail on a motion for reconsideration, an objector must show that the magistrate judge's order is clearly erroneous or contrary to law. Defendant has made no showing of either legal or factual error. He cites no statute or rule that entitles him to have the services of a paralegal once he has declined legal representation and chosen to proceed on his own in his criminal case, with standby counsel only.

    It is understandable that defendant finds himself struggling to provide his own

Copy of this document has been provided to: _____ this ___ day of ___, 20___ by _____ S. Vogel, Secretary to Judge Barbara B. Crabb

representation; almost anyone without a legal education would encounter the same difficulties. Defendant was warned at length that choosing to proceed pro se would not be easy, that he would be bound by the same rules that apply to lawyers and that he would have a limited right to consult with his standby counsel at trial. Despite the warnings, defendant was determined to proceed on his own. Burdensome as he may find it to do his own research and prepare for trial, he is not entitled to the services of a paralegal. The magistrate judge did not err in denying his request. (If defendant wishes to rescind his decision to proceed pro se and accept the services of his previously-appointed counsel, he is free to do so, provided he does so promptly enough to permit the trial to go forward on December 6, 2010, as scheduled.)

Defendant asks also to have the hearing on his request for pretrial release in front of me. That request will be denied. His hearing is scheduled before the magistrate judge; if his request is denied, defendant is free to appeal the decision to me.

ORDER

IT IS ORDERED that defendant Andre G. Simmons's motion for reconsideration of United States Magistrate Judge Stephen L. Crocker's denial of his request for appointment of a paralegal is DENIED for defendant's failure to show that the denial was clearly

rroneous or contrary to law. His motion to be heard before me on his request for pretrial release is DENIED as well.

    Entered this 20th day of October, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge