IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                        Plaintiff,                        ORDER

    v.

                                                                09-cr-122-bbc

ANDRE G. SIMMONS,

                        Defendant.
_____

On August 26, 2009, the grand jury charged defendant Andre Simmons with charges of trafficking cocaine base. Defendant has obtained a series of continuances based on differences with his attorneys that ultimately led him to chose to represent himself at trial, now set for December 6, 2010.

On March 12, 2010, the court set the original calendar in this case, including a June 7, 2010 deadline for filing pretrial motions. Dkt. # 51. Defendant, by counsel, filed timely motions, and at the June 10, 210 pretrial motion hearing, the court ruled on those motions. Dkt. #72. Thereafter, on August 15, 2010, defendant, by counsel, filed a motion to dismiss based on recent occurrences that defendant characterized as outrageous government conduct. Dkt. #110. On August 24, 2010, the court denied that motion. Dkt. # 121. On September 14, 2010, the court granted defendant's motion to represent himself at trial and moved the trial date back to December 6, 2010. The court did not allow defendant to file new pretrial motions. Dkt. #154.

Thereafter, between October 15, 2010 and November 1, 2010, defendant filed a series of documents that mix requests for discovery with motions to provide transactional immunity to trial witnesses, to dismiss the charges and to suppress evidence. Dkt. ## 174, 177, 188, 189 and 197.

Pursuant to Fed. R. Crim. P. 12(e), all of defendant's motions to suppress and to dismiss are waived because he did not file them within the motion deadline set by the court. The one exception is his last motion, dkt. #197, which is merely a variation of his August 15, 2010 claim of outrageous government conduct, which this court already has denied. Further, having read the late-filed motions, I find that they are supported by nothing more than conjecture by defendant. There is no factual or legal support for any of these motions that would establish good cause to relieve defendant of his waiver.

This also provides a sufficient reason to deny defendant's two motions to grant immunity to government witnesses in this case. Defendant's assertions that these witnesses have been coerced or bribed to lie about him is sheer speculation that would not merit the relief requested even if were available to provide. The federal immunity statute, 18 U.S.C. §§ 6001-6005, does not provide for transactional immunity, and courts may not invoke the statute to immunize witnesses at a criminal defendant's behest. The statute gives the prosecutor alone the discretion to seek immunity for a witness, within the limits of a defendant's due process rights. United States v. Burke, 425 F.3d 400, 411 (7th Cir. 2005). Here, it does not appear that defendant ever asked the government to immunize its own witnesses, but the government now opposes the motions as ill-founded, incomprehensible

and "preposterous." <u>Gov't Opp. Br.</u>, dkt. #194. It is sufficient to note that defendant has presented no evidence to support his broad, illogical motion. Defendant will suffer no due process violation if the government does not immunize all of its own witnesses so that defendant may attempt to prove that everything they've said about him to date is untrue.

<u>ORDER</u>

IT IS ORDERED that defendant Andre Simmons's motions to suppress evidence, to dismiss the charges, and to immunize witnesses, dkt. ## 174, 177, 188, 189 and 197 all are DENIED.

Entered this 4th day of November, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge