IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                     Plaintiff,

    v.

ANDRE SIMMONS,

                     Defendant.

ORDER

09-cr-122-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In response to a letter from Paul F.X. Schwartz, standby counsel for defendant Andre Simmons, dkt. #260, I held an ex parte hearing with defendant and Mr. Schwartz on December 27, 2010. Mr. Schwartz was seeking guidance about his role in defendant's sentencing and appeal. He is concerned that he may be seen as having a conflict of interest if, as he fears, defendant bases his appeal from his conviction on alleged failures on Schwartz's part. After this was discussed with defendant and after ascertaining that Mr. Schwartz was still willing to serve as standby counsel, I informed defendant that he has three options to choose among for sentencing: (1) proceed on his own, without appointed counsel and without standby counsel; (2) have counsel appointed to represent him for sentencing only; or (3) continue with Mr. Schwartz as standby counsel. Defendant has until December

1

31, 2010, in which to write a letter to the court informing it of his decision. If defendant fails to advise the court of his decision, I will assume that he wishes to proceed on his own, without any help from counsel even in standby status.

If defendant chooses to proceed with Mr. Schwartz as standby counsel, he should know that it is not Mr. Schwartz's responsibility to provide defendant with writing paper, envelopes or similar items. Defendant is capable of obtaining those kinds of things on his own.

Defendant asked about arranging for a trial transcript. He will not need the transcripts unless and until he decides to appeal, which will be after he is sentenced in March. At that time, he can ask for transcripts at government expense and they will be provided.

Finally, Mr. Schwartz was assured that he could submit a voucher for the payment of his expenses on an interim basis, now that his duties have continued unpaid for as long as they have.

Entered this 28th day of December, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge