IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

ANDRE G. SIMMONS,

                      Defendant.

ORDER

09-cr-122-jdp

---

    Defendant Andre G. Simmons faces the potential revocation of his supervised release for numerous violations of his conditions. Dkt. 427; Dkt. 429; Dkt. 449. At his request, Simmons is proceeding pro se; the court has appointed standby counsel. Dkt. 448.

    Simmons has several motions before the court.

    In Dkt. 460, Simmons requests funds, office supplies, and access to his standby counsel on a private line. Simmons says that to secure a private phone line, he'll need to have counsel from the federal defender office. In Dkt. 463, Simmons complains that standby counsel is not providing him with adequate assistance. Simmons makes similar allegations in Dkt. 464. Simmons had a right to representation by an attorney, but he exercised his right under *Faretta v. California*, 422 U.S. 806 (1975) to represent himself, and he does not say that he has changed his mind. So he's waived his entitlement to the assistance of counsel. The court appointed standby counsel to step in if Simmons becomes be unable to represent himself. But Simmons isn't entitled to ongoing assistance from his standby counsel; that's a hybrid representation to which Simmons has no right. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). The court will not appoint new standby counsel from the federal defender office so that Simmons can talk on a direct line. The court routinely appoints private counsel to represent indigent defendants,

and Simmons has no evidence that such an arrangement undermines the confidentiality of attorney-client communication. The court will not provide funds to Simmons. And given the number of filings Simmons has made so far, the court is not persuaded that he is being denied access to the court.

In several filings, Simmons seeks to vacate his sentence and terminate his supervised release. Dkt. 435, Dkt. 442, Dkt. 457, Dkt. 458, Dkt. 461, Dkt, 465, and Dkt, 466. Simmons contends that his sentence was unlawful and that he did not get the good time credit that he had earned. Simmons challenged his sentence before, both on direct appeal, Dkt. 322, and in a petition under § 2255, Dkt. 349. Any further challenge to the underlying sentence would be an unauthorized successive petition. Any challenge to the implementation of his sentence reduction under the First Step Act, Dkt. 377, fails for the reasons shown by the government in its opposition, Dkt. 462. Simmons was lawfully sentenced, and he received all the sentence credit he was due.

In some of these same filings, Simmons also requests termination of his supervised release because he says it's unnecessary and doing him no good. Termination of his supervised release is not appropriate now. He's facing a petition for court review of his supervised release, which alleges multiple violations, including new criminal conduct. Dkt. 427, Dkt. 429, and Dkt. 449. At the hearing on the petition, Simmons may contest the alleged violations. And even if the court determines that revocation is warranted, Simmons can argue for whatever sentence he believes is appropriate. But I will not terminate his supervised release while the petition is pending.

In Dkt. 444, Simmons asks for discovery and for and evidentiary hearing. I'll deny this motion as moot, because I have already authorized the probation office to release to the parties

any evidence that the probation office has to support the alleged violations. Dkt. 427, Dkt. 429, and Dkt. 449. And I will hold an evidentiary hearing on the petition.

Judge Crocker set Simmons's deadline for any further motions at seven days after the filing of the transcript of the July 12, 2024 hearing. Dkt. 456 at 58. The transcript was filed August 9, which made August 16 the final deadline for any further motion. That deadline has passed, so the court will not consider any further motions by Simmons. Simmons's task is to prepare for this hearing on the petition to review his supervised release.

## ORDER

IT IS ORDERED that:

1. Defendant Andre Simmons's motion for discovery and evidentiary hearing, Dkt. 444, is DENIED as moot.

2. Simmons's motion for funds, office supplies, and access to his stand-by counsel on a private line, Dkt. 460, and his other motions regarding stand-by counsel, Dkt, 463 and Dkt. 464, are DENIED.

3. Simmons's motions to vacate his sentence and terminate his supervised release, Dkt. 435, Dkt. 442, Dkt. 457, Dkt. 458, and Dkt. 461, are DENIED.

4. Any further motion by Simmons pertaining to the petition to review his supervised release will be summarily denied.

5. The clerk of court is directed to schedule a judicial review on the petition to revoke Simmons's supervised release sometime on or before September 24, 2024. Standby counsel is authorized to appear at the hearing as an observer, but he will not be representing Simmons at the hearing.

Entered September 12, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge